IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § |
| Plaintiff, | § § § |
| v. | § CIVIL ACTION NO. H-04 3788 § |
| U-HAUL CO. OF TEXAS, d/b/a U-HAUL CO. OF NORTH HOUSTON and U-HAUL INTERNATIONAL, INC. | § § § § § |
| Defendants. | § **JURY TRIAL DEMAND** |

## ORIGINAL COMPLAINT OF THE UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Telesha Whitaker, Tammy Jones, Crystal Cotton, and other women who were adversely affected by such practices. As alleged with greater particularity in paragraphs 10-14 below, women employed by Defendants as Customer Service Representatives at U-Haul Center 56, in Houston, were subjected to unlawful sex discrimination, including sexual harassment. Additionally, Defendants unlawfully retaliated against Ms. Jones, and failed to comply with applicable record-keeping laws.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343

and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("Title VII").

2. The unlawful employment practices alleged in this complaint were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. Venue is appropriate in this court.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant U-Haul Co. of Texas, d/b/a U-Haul Co. of North Houston ("U-Haul Texas"), has continuously been a Texas corporation doing business in the State of Texas and the City of Houston, and has continuously had at least 15 employees.

5. At all relevant times, U-Haul Texas has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h). U-Haul Texas may be served with process by serving its registered agent, CT Corp. System, which may be found at 350 N. St. Paul Street, Dallas, TX 75201.

6. At all relevant times, Defendant U-Haul International, Inc. ("U-Haul International"), has continuously been a Nevada corporation, and has continuously had at least 15 employees.

7. At all relevant times, U-Haul International has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of

Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Telesha Whitaker, Tammy Jones, and Crystal Cotton filed charges with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least November 2003, Defendants have engaged in unlawful employment practices at U-Haul Center 56, in Houston, Texas, in violation of Sections 703(a)(1), 703(k), and 704 of Title VII, 42 U.S.C. §§ 2000e-2(a)(1), (k), and 2000e-3.

10. While working for Defendants at U-Haul Center 56, female Customer Service Representatives were subjected to an unlawful, sexually hostile environment. They also were subjected to sex discrimination by not being paid, unlike males, for time they worked.

11. Whitaker, Jones, and Cotton reported the discrimination to management officials in Houston, and to U-Haul International employees in Defendants' corporate headquarters. They reported that their supervisor at U-Haul Center 56 engaged in the following conduct: asked if they could go out on dates; asked for oral sex (offering payment for this intimate act); touched Whitaker's breast, put his hands between her legs, and rubbed her behind; and threatened to fire women for rejecting his sexual advances. Although Whitaker reported this conduct to management by December 9, 2003, Defendants took no action for weeks and permitted this conduct to continue.

12. Defendants fired the harassing supervisor on January 21, 2004, for "NOT FOLLOWING CASH MANAGEMENT POLICIES AND PROCEDURES. UNAPPROPRIATE [sic] BEHAVIOR TOWARDS EMPLOYEES."

13. After she filed a Charge of Discrimination with the EEOC, Defendants fired Jones.

This firing, allegedly for her not showing up for work on a day Defendants contend she was scheduled to work, was retaliatory.

14. Since at least June 2004, Defendants have failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed. Specifically, Defendants have failed to retain a copy of the work schedule which would indicate whether Jones was indeed scheduled to work the day for which she was fired for not reporting to work.

15. The effect of the practices complained of in paragraphs 10-14 above has been to deprive Telesha Whitaker, Tammy Jones, Crystal Cotton, and other female Customer Service Representatives of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex, and to deprive Tammy Jones of equal employment opportunities and otherwise adversely affect her status as an employee by unlawfully retaliating against her.

16. The unlawful employment practices complained of in paragraphs 10-14 above were intentional.

17. The unlawful employment practices complained of in paragraphs 10-14 above were done with malice or with reckless indifference to the federally protected rights of Telesha Whitaker, Tammy Jones, Crystal Cotton, and other female Customer Service Representatives.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants U-Haul Co. of Texas, d/b/a U-Haul Co. of North Houston, and U-Haul International Inc., their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in sexual harassment and any

other employment practice which discriminates on the basis of sex, and from engaging in unlawful retaliation against employees who complain about sexual harassment and other unlawful employment practices.

    B.    Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and employees who complain of employment practices prohibited by Title VII, and which eradicate the effects of its past and present unlawful employment practices.

    C.    Order Defendants to make whole female Customer Service Representatives who were not appropriately compensated for their work, because of their sex, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to their reinstatement.

    D.    Order Defendants to make whole Tammy Jones who lost her jobs as a result of the unlawful retaliation by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10-14 above, including job search expenses and medical expenses not covered by Defendants' employee benefit plan, in amounts to be determined at trial.

    E.    Order Defendants to make whole Telesha Whitaker, Tammy Jones, Crystal Cotton, and other female Customer Service Representatives by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 10-14 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.    Order Defendants to pay Telesha Whitaker, Tammy Jones, Crystal Cotton, and other female Customer Service Representatives punitive damages for their malicious and reckless conduct described in paragraphs 10-14 above, in amounts to be determined at trial.

G.    Order Defendants to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

H.    Grant such further relief as the Court deems necessary and proper in the public interest.

I.    Award the Commission its costs of this action.

Respectfully submitted,

Eric S. Dreiband
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel
Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, D.C. 20507

Timothy M. Boyne
Senior Trial Attorney
Attorney-in-Charge
Texas Bar No. 00793371
Southern Dist. of Texas No. 20023

                                              Equal Employment Opportunity Commission
1919 Smith Street, 7th Floor
Houston, Texas 77002
(713) 209-3395
(713) 209-3402 [facsimile]

OF COUNSEL:

Jim Sacher
Regional Attorney

Rose Adewale-Mendes
Supervisory Trial Attorney
Equal Employment Opportunity Commission
1919 Smith Street, 7th Floor
Houston, Texas 77002

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

H-04-3788

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Timothy M. Bowne, Trial Attorney
EEOC-Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
(713) 209-3395

## DEFENDANTS
U-Haul Co. of Texas,, d/b/a U-Haul Co. of North Houston and U-Haul International, Inc.
COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Harris
(IN U.S. PLAINTIFF CASES ONLY)
NOTE IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

United States Courts
Southern District of Texas
FILED
SEP 29 2004
Michael N. Milby, Clerk of Court

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

[x] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Defendants have engaged in unlawful employment practices in violation of Sections 703 and 704 of Title VII, and Section 102 of the Civil Rights Act of 1991. The practices include sex discrimination, subjecting women to an unlawfully hostile work environment, retaliation, and record-keeping violations.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury-Med Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury--Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R R & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 650 Airline Regs | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | [ ] 690 Other |  | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | **CIVIL RIGHTS** | [ ] 720 Labor/Mgmt Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** |  | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting / **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [x] 442 Employment / [ ] 510 Motions to Vacate Sentence Habeas Corpus | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations / [ ] 530 General | [ ] 791 Empl Ret Inc Security Act |  | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 535 Death Penalty |  | **FEDERAL TAX SUITS** | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights / [ ] 540 Mandamus & Other |  | [ ] 870 Taxes (U S Plaintiff or Defendant) | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | [ ] 550 Other |  | [ ] 871 IRS--Third Party 26 USC 7609 |  |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)
[x] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
Transferred from
[ ] 5 another district (specify)
[ ] 6 Multidistrict Litigation
Appeal to District
[ ] 7 Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
[ ] UNDER F.R C P 23
DEMAND $
JURY DEMAND: [X] YES [ ] NO
Check YES only if demanded in complaint:

## VIII. RELATED CASE(S) IF ANY (See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE 9/29/04
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT