IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-04-3788 |
| U-HAUL CO. OF TEXAS, d/b/a U-HAUL CO. OF NORTH HOUSTON and U-HAUL INTERNATIONAL, INC., | § § § § § § | |
| Defendants. | § | |

ORDER

Pending before the Court is EEOC's Motion to Exclude Testimony of Defendant U-Haul Texas's Designated Expert Witness (Document No. 56). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

BACKGROUND

The Equal Employment Opportunity Commission ("EEOC") filed the instant suit on September 29, 2004 asserting hostile work environment, sexual harassment, and retaliation claims against U-Haul Co. of Texas ("U-Haul") and U-Haul International ("International"). These claims were brought on behalf of three women who allege a

former U-Haul manager acted inappropriately toward them on a number of occasions during the women's course of employment with U-Haul.

On March 31, 2005, U-Haul filed its expert witness designation with this Court. In its designation, U-Haul designated Leticia Flores ("Flores") as its only expert. Flores is an investigator employed by the EEOC, and was involved in the investigation of the allegations that form the basis of the instant lawsuit. In its designation, U-Haul indicates that Flores has expertise in the investigation of discrimination claims and indicates that Flores's "opinions can be found in her deposition. . . ."

On September 1, 2005, EEOC filed a motion seeking to exclude Flores's expert witness testimony. EEOC argues that Flores has no specialized knowledge that would assist the trier of fact in understanding the evidence or determining a fact issue. EEOC further argues that even if Flores qualifies as an expert, her testimony is impermissible under Rule 403 of the Federal Rules of Evidence. In response, U-Haul contends that Flores's duties as an EEOC investigator qualify her as an expert. Moreover, U-Haul avers that Flores's testimony is relevant because she investigated the alleged discrimination in this case and ostensibly later changed her opinion about whether U-Haul engaged in culpable conduct.

## LAW AND ANALYSIS

EEOC challenges U-Haul's designation of Flores as an expert witness on the

grounds that, *inter alia,* Flores's testimony does not comply with the requirements of Rule 702 of the Federal Rules of Evidence. Rule 702 provides "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise. . . ." FED. R. EVID. 702. Thus, the testifying individual must both qualify as an expert and her testimony must assist the jury in resolving a fact issue or understanding evidence. *Id.;see Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 591 (1993). The Court will first analyze whether Flores's testimony will assist the jury in resolving a fact issue or understanding the evidence.

The parties spend little time informing the Court how Flores's testimony will assist the jury as required by Rule 702.[1] U-Haul appears to designate Flores as an expert so that she can opine that insufficient evidence exists indicating wrongdoing by U-Haul. Indeed, U-Haul avers that Flores's deposition testimony makes clear "that the person entrusted by the EEOC to investigate this matter found no evidence of sexual

---

[1] In its expert designation, U-Haul does not provide the Court with the expert opinions held by Flores but rather instructs the Court that a copy of her opinions can be found in her deposition. In its response to the motion to strike, however, U-Haul clarifies by directing the Court to Flores's deposition testimony wherein Flores indicates that the facts of the case before the Court might not indicate wrongdoing on the part of U-Haul. Moreover, U-Haul does not directly address the issue of whether or how Flores's testimony will assist the jury.

or gender discrimination." Essentially, U-Haul asks the Court to allow Flores to opine on the sufficiency of the evidence.

As other courts have noted, specialized knowledge, without a showing that such knowledge will assist the trier of fact, is insufficient to meet the requirements of Rule 702. *See Adkins Adjustment Serv., Inc. v. Blumhof,* No. Civ. A. 3:98-CV-2789-H, 2001 WL 456352, at *4 (N.D. Tex. April 27, 2001). The Court finds the Texas Supreme Court's analysis in the case of *K-Mart Corp. v. Honeycutt,* 24 S.W.3d 357 (Tex. 2000) persuasive on the issue of whether Flores should be permitted to testify. There, the Texas court, in analyzing Texas Rule of Evidence 702, which employs nearly identical language to Federal Rule 702, noted that expert testimony should be excluded if the testimony is within common knowledge of the trier of fact. *Id.* at 360. The Court recognized

> Expert testimony assists the trier-of-fact when the expert's knowledge and experience on a relevant issue are beyond that of the average juror and the testimony helps the trier-of fact understand the evidence or determine a fact issue. When the jury is equally competent to form an opinion about the ultimate fact issues or the expert's testimony is within the common knowledge of the jury, the trial court should exclude the expert's testimony.

*Id.* (citations omitted).

Here, assuming, *arguendo,* Flores qualifies as an expert, the Court determines her testimony would not assist the trier of fact in either resolving the fact issues in this

case or understanding the evidence.[2]  The issue here is whether U-Haul engaged in discriminatory activities, and the jury is qualified and able to make its own determination as to the sufficiency of the facts underlying this action. [3]

Alternatively, the Court notes that allowing Flores to testify as an expert witness would violate Rule 403 of the Federal Rules of Evidence. Rule 403 provides that "[a]lthough relevant, evidence may be excluded it its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . . ." FED. R. EVID. 403. Even if Flores's opinion testimony is relevant, allowing her to opine on the sufficiency of the evidence or her belief as to whether the EEOC should have brought this action would confuse the issues in the case. [4]  The issue here is whether U-Haul is liable for its alleged unlawful activities, not whether the EEOC investigator believes EEOC should be liable. Accordingly, the relevance of Flores's opinion testimony is substantially outweighed by its misleading effect and should therefore be excluded. *See id.*  Given the foregoing, the Court hereby

---

[2] U-Haul appears to argue the Flores's testimony is relevant to International's counterclaim for attorney's fees. However, Flores was designated only as an expert for U-Haul, not International. International failed to timely designate Flores as its expert.

[3] As the Court has determined Flores's testimony will not assist the jury, the Court need not determine whether Flores qualifies as an expert.

[4] Although U-Haul has urged alternative theories for allowing Flores to testify, the Court will not at this time address the issue of whether Flores may be called as a fact witness.

ORDERS that EEOC's Motion to Exclude Testimony of Defendant U-Haul Texas's Designated Expert Witness (Document No. 56) is GRANTED. The Court will not permit Flores to testify as an expert witness in the instant action.

SIGNED at Houston, Texas, on this 1st day of November, 2005.

*David Hittner*

_____

DAVID HITTNER

United States District Judge