IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

NOV 3 0 2005

Michael N. Milby, Clerk of Court

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-04-3788 |
| § | |
| U-HAUL CO. OF TEXAS, d/b/a § U-HAUL CO. OF NORTH HOUSTON § and U-HAUL INTERNATIONAL, INC. § § | |
| Defendants. § | **JURY TRIAL** |

## CONSENT DECREE

The Equal Employment Opportunity Commission ("Commission" or "EEOC") has alleged that Defendants U-Haul Co. of Texas, d/b/a U-Haul Co. of North Houston and U-Haul International, Inc., engaged in unlawful sex discrimination, including sexual harassment, retaliation, and failed to comply with record-keeping laws and regulations, in violation of Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991. Defendants have denied these allegations. Defendant U-Haul International, Inc. has been dismissed from this action and, as such, is not a party to this Consent Decree. The term "Defendant" refers to U-Haul Co. of Texas.

The parties wish to avoid the risks, uncertainties, and expenses of trial. Accordingly, the parties have agreed to settle this lawsuit. The parties agree that

this Consent Decree is being entered into for the purpose of compromising disputed claims. It is not and should not be interpreted as an admission of liability by Defendant.

The Commission and Defendant stipulate to the jurisdiction of the Court and to satisfaction of all administrative prerequisites. The parties further waive hearing and entry of findings of fact and conclusions of law on all issues.

It is therefore ORDERED that:

1. This Consent Decree is entered in full and complete compromise of any and all claims and counterclaims arising out of or asserted in Civil Action No. H-04-3788, and arising out of EEOC Charge Nos. 330-2004-01955, 330-2004-01957, and 330-2004-05356.

2. Defendant contends that they do not engage in any illegal or improper employment practices. As such, Defendant agrees to continue to not engage in any employment practices which have the purpose or effect of discriminating against any individual with respect to compensation, terms, conditions or privileges of employment because of such individual's sex, as prohibited by Title VII of the Civil Rights Act of 1964, as amended, and will not retaliate against any individual who has opposed any practice made an unlawful employment practice under Title VII or who has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under Title VII.

3. Defendant agrees to distribute or make available to its management employees, including general managers, its anti-sexual harassment policy bulletin (currently Policy Bulletin 687) during the pendency of this Consent Decree.

4. In accordance with 42 U.S.C. § 2000e-8(c) and 29 C.F.R. § 1602.14, U-Haul Co. of Texas shall retain for at least one (1) year a copy of each employment application it receives for Customer Service Representative positions at any of its U-Haul Centers in 745 and 746 (Houston) Marketing Companies. While this Consent Decree is in effect, the Commission may monitor U-Haul Texas's compliance with this provision by providing twenty (20) calendar days' notice of its intent to inspect the retained applications. However, the Commission may not exercise this right more than two (2) times in any calendar year. Upon receipt of such notice, U-Haul Texas must either provide the Commission's Houston District Office with copies of the requested applications, or permit a Commission employee to inspect electronic copies retained by U-Haul Texas. The provision of hard copies would be at the expense of U-Haul Texas; an inspection of electronic copies could be performed at U-Haul Texas's premises, or by U-Haul Texas's electronically transmitting the applications to the Commission.

5. Should any U-Haul Co. of Texas District 745 or 746 employee, former employee, or applicant for employment file a Charge of Discrimination with the EEOC or the Texas Workforce Commission's Division of Human Rights

while this Consent Decree is in effect, Defendant shall retain copies, to the extent they exist, of all personnel records relevant to the charge -- including all employment applications, Payroll Action forms, and letters of resignation or termination pertaining to such individual -- until the later of the final disposition of the charge or the action, as defined by 29 C.F.R. § 1602.14, or one year after the challenged personnel decision was made.

6.   Defendant agrees to pay the total sum of twenty-five thousand dollars ($25,000.00) in full and final settlement of the Commission's lawsuit. Within five (5) calendar days of entry of the Consent Decree, the Commission shall notify Defendant of the sum to be paid to each Charging Party and class member, and the address to which each check will be mailed. Said sums shall be paid within twenty (20) calendar days from the date of entry of the Consent Decree. A copy of the checks disbursed to each of them shall be mailed to the Commission's counsel of record on the same day the checks are mailed.

7.   Defendant agrees to provide prospective employers of Telesha Whitaker, Tammy Jones, and Crystal Cotton their names, dates of employment with U-Haul Texas, and last position held, and to make no negative comments regarding Telesha Whitaker, Tammy Jones, and Crystal Cotton to any prospective employer. Telesha Whitaker, Tammy Jones, and Crystal Cotton, however, shall not apply for employment at any U-Haul Co. of Texas location.

8.    Each party to this action shall bear its own costs and attorney's fees.

9.    This Consent Decree shall remain in effect for two (2) years from the date of signing.

10.    The parties agree that, should either choose to issue a press release, it will be in an agreed upon form with the content being agreed to by both parties. Nothing herein shall be construed as a requirement that a press release be issued.

11.    During the period this Consent Decree shall remain in effect, the Court shall retain jurisdiction to assure compliance with this Consent Decree and to permit entry of such further orders or modifications as may be appropriate. The EEOC is specifically authorized to seek Court-ordered enforcement of this Consent Decree in the event of a breach of any provisions herein. Nothing in this Consent Decree shall be construed to preclude the Commission from filing a separate action under Title VII or any other statute which the Commission enforces in the future for any alleged violations by Defendants not raised in the Commission's Complaint or resolved by this Consent Decree.

Signed this **28** day of **Nov**, 2005 at Houston, Texas.

DAVID HITTNER  
United States District Judge